UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
NORTHERN DIVISION

| | |
|---|---|
| OLAN WAYNE BRISCOE, | ) |
| Plaintiff, | ) |
| v. | ) No. 2:11-CV-14-AGF |
| DIRECTOR OF REVENUE, STATE OF MISSOURI, | ) |
| Defendant. | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court upon the application of Olan Wayne Briscoe for leave to commence this action without payment of the required filing fee. *See* 28 U.S.C. § 1915(a). Upon consideration of the financial information provided with the completed application, the Court finds that plaintiff is financially unable to pay any portion of the filing fee. Therefore, plaintiff will be granted leave to proceed in forma pauperis.

**28 U.S.C. § 1915(e)**

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis at any time if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v.*

*Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 1974 (2007).

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. *Denton v. Hernandez*, 504 U.S. 25, 32 (1992); *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

**The complaint**

Plaintiff seeks monetary relief in this action against defendant Director of Revenue, State of Missouri for the violation of this Fifth and Fourteenth Amendment rights. Plaintiff alleges that he was arrested on February 13, 2008, for "suspected DWI." On November 10, 2008, a jury entered a not guilty verdict. Plaintiff claims that although the arresting officer and the Missouri Department of Revenue took the position that plaintiff had refused a breathalyzer test, the truth was that the officer had failed to turn on the breathalyzer machine, and therefore, plaintiff was unable to provide a breath sample. Plaintiff claims that the Department of Revenue "failed to properly determine [his] case,"

refused to admit the mistake, and "is hiding behind the unconstitutional 30 day time limit of R.S.Mo. 302.311."

The Court will liberally construe the complaint as having been brought under 42 U.S.C. § 1983.[1]

### Discussion

Plaintiff is suing the Missouri Director of Revenue in her official capacity.[2] *See Egerdahl v. Hibbing Community College*, 72 F.3d 615, 619 (8th Cir. 1995)(where a complaint is silent about defendant's capacity, Court must interpret the complaint as including official-capacity claims); *Nix v. Norman*, 879 F.2d 429, 431 (8th Cir. 1989). Naming a government official in his or her official capacity is the equivalent of naming the government entity that employs the official, in this case the State of Missouri. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989). "[N]either a State nor its officials acting in their official capacity are 'persons' under § 1983." *Id.* As such, the complaint is legally frivolous and fails to state a claim upon which relief can be granted.

As additional grounds for dismissing this action, the Court finds that plaintiff's allegations simply do not rise to the

---

[1] To the extent that plaintiff is attempting to bring this action under 28 U.S.C. § 1332, subject matter jurisdiction does not exist, given that all parties are alleged to be Missouri residents. *See* 28 U.S.C. § 1332.

[2] Alana M. Barragan-Scott is the current Director of the Missouri Department of Revenue.

3

level of a constitutional violation and fail to state a claim under § 1983. Moreover, there is no indication that the Missouri Director of Revenue was personally involved in plaintiff's case, and the theory of respondeat superior is inapplicable in § 1983 suits. *See Boyd v. Knox*, 47 F.3d 966, 968 (8th Cir. 1995).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed in forma pauperis [Doc. #2] is **GRANTED.**

**IT IS FURTHER ORDERED** that plaintiff's motion for appointment of counsel [Doc. #4] is **DENIED** as moot.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint, because the complaint is legally frivolous and fails to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B).

A separate Order of Dismissal shall accompany this Memorandum and Order.

Dated this 12th day of May, 2011.

                                                                                                        */s/ Audrey G. Fleissig*
**UNITED STATES DISTRICT JUDGE**